528 So.2d 839 (1988)
STATE of Mississippi, State Tax Commission, and Larkin Smith, Sheriff of Harrison County, Mississippi
v.
EUROPA CRUISE LINE, LTD., and Point Cadet Development.
No. M-2531-A.
Supreme Court of Mississippi.
July 20, 1988.
Mike Moore, Atty. Gen. by T. Hunt Cole, Jr., Sp. Asst. Atty. Gen., Jackson, for appellants.
W. Joel Blass, Mize, Thompson & Blass, Gulfport, Michael P. Cavanaugh, Ronald G. Peresich, Page, Mannino & Peresich, Biloxi, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ZUCCARO, JJ.

ON PETITION FOR INTERLOCUTORY APPEAL
ROY NOBLE LEE, Chief Justice, for the Court:
The Mississippi Supreme Court has before it for decision the petition of the State of Mississippi and State Tax Commission for permission to take an interlocutory appeal from an order of the Circuit Court of Harrison County, Mississippi, Second Judicial District, declining to dissolve a preliminary injunction entered against the petitioners and officers/representatives of the State of Mississippi, and holding in abeyance the motion of petitioners to dissolve the injunction. In that order, the lower court certified the cause to this Court for interlocutory appeal.
The record here reflects the following chronology of action in the case before the Harrison County Circuit Court:

1. 12/18/87 Complaint filed in Circuit Court by The Europa Star
 owners against State. Plaintiffs were then awarded a
 ten (10) day restraining order. The order was later
 extended to January 7, 1988. In sum, both orders halted
 enforcement of state penal laws.
*840 2. Late December, Europa Star moved for a preliminary injunction. The
 1987 State filed a cross-motion.
3. 1/7/88 Circuit judge awarded the Star a preliminary
 injunction which in fact prohibited prosecution by
 state officials.
4. 2/23/88 State filed a motion to dissolve the preliminary
 injunction and, in the alternative, requested an
 interlocutory appeal.
5. 5/2/88 Circuit judge entered an orderholding the motion to
 dissolve in abeyance and certifying an interlocutory
 appeal.

The Europa Cruise Line, Ltd., and its affiliates, are owners of the Europa Star, which is a coastal cruise vessel equipped and outfitted with various types of gambling devices, bars and saloons, and recreational facilities for the use and enjoyment of persons who pay for accommodations on, and patronize, the ship. The situs of its operation is an area in the Mississippi Sound three (3) miles south of the Mississippi shoreline and three (3) miles north of Ship Island. The modus operandi for the vessel is to travel from its berth in Biloxi into that area of the Mississippi Sound without activating the gambling equipment, saloons and operations, which would be in violation of the laws of the State of Mississippi. On arrival in the area, the equipment is activated, the gambling devices are put in operation, the saloons are opened, and the fun begins. There is no interference with the operations, nor do the operators and owners fear Mississippi criminal law or the officers who are sworn to enforce it, because of the preliminary injunction issued against them.
The facts of this case are uncontradicted. The sole question of law as presented by the State of Mississippi is whether an area in the middle of the Mississippi Sound south of the mainland, but north of Mississippi Barrier Islands, in which the plaintiff/respondent's Europa Cruise Lines vessel Europa Star conducts casino gambling operations, is subject to the penal and regulatory jurisdiction of Harrison County and the State of Mississippi. If the question of law is answered in the affirmative, then the State of Mississippi may enforce its penal laws in the area. However, the real question now before this Court is whether or not the matters in question are properly here on a petition for interlocutory appeal. At this point, that is all we may decide.
The lower court scrupulously followed the provisions of Rule 5, Miss.Supreme Court Rules, in certifying the cause for interlocutory appeal. Notwithstanding, the vice of the order and certification is the fact that it is no final order, e.g., the motion to dissolve the preliminary injunction was not denied or granted, but was simply held in abeyance, obviously for an advisory opinion. In the status of the record, the facts being undisputed, the lower court should have heard the motion to dissolve the preliminary injunction along with the question of the permanent injunction. Whether the circuit judge ruled for or against the temporary and permanent injunctions, there would have been a final order and either side could appeal directly to this Court.[1] That procedure would have been the most expeditious way of resolving the law question and disposing of the case.
The Court notes from the record that the Bureau of Marine Resources in Long Beach, Mississippi, long has regulated and enforced functions in fisheries management, the protection of coastal wetlands, and management of the coastal zone program in the Mississippi Sound; that the Mississippi Department of Wildlife Conservation, for many years, has patroled all areas of the Mississippi Sound, its tributaries, and an area of the territorial sea extending to three (3) miles south of the Barrier Islands for violations of the Seafood, Fishery, and Boat Safety and Registration laws of the State of Mississippi; and that marine enforcement officers have investigated potential violations, made arrest for violations of the seafood industry and fisheries, and boat safety laws, as well as the general criminal laws of the State of Mississippi.
This Court is cognizable of the recent Alabama and Mississippi boundary case, *841 e.g., United States v. Louisiana, 470 U.S. 93, 105 S.Ct. 1074, 84 L.Ed.2d 73 (1985), and previous cases by the United States Supreme Court, which are significant to the question involved in this case. Since the interlocutory appeal must be denied, and the case remanded to the lower court, with the complete record before it and the question well briefed, the lower court should move expeditiously toward a final determination of the cause.
PETITION FOR INTERLOCUTORY APPEAL DENIED AND CAUSE REMANDED TO THE LOWER COURT FOR FURTHER ACTION CONSISTENT WITH THIS OPINION.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] Either side could have asked that the cause be expedited because a matter of public and state interest was involved.